IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

EDNA M. ZAMORA,

        Plaintiff,

vs.                                              No. CIV 99-1348 BB/LCS

**KENNETH S. APFEL**, **Commissioner,**
**Social Security Administration,**

        Defendant.

## MAGISTRATE JUDGE'S PROPOSED FINDINGS
## AND RECOMMENDED DISPOSITION

THIS MATTER comes before the Court upon Plaintiff's Motion to Reverse and Remand for a Rehearing *(Doc. 8)*, filed May 26, 2000. The United States Magistrate Judge, having considered the Motion, the memoranda submitted by the parties, the administrative record and the applicable law, finds that the motion is well taken in part and recommends that this action be remanded to the administrative agency for further development of the record.

### Proposed Findings

1.      Plaintiff Edna Zamora ("Zamora") filed an application for disability insurance benefits with the Social Security Administration on January 30, 1997, alleging that she became disabled on October 11, 1996. *See* Record at 96-98. In her application, Plaintiff alleged that she became disabled due to an injury to, or illness of, her knees. *See* Record at 106. Zamora's application was denied at the initial level on May 8, 1997, *see* Record at 78, and at the reconsideration level on June 27, 1997, *see* Record at 84. Plaintiff appealed the denial of her claim by filing a Request for Hearing by Administrative Law Judge on August 28 1997. *See*

Record at 87.

2. The Commissioner's administrative law judge (ALJ) conducted a hearing on Zamora's application on February 18, 1998. *See* Record at 23. The ALJ found that Plaintiff had not engaged in substantial gainful activity since the onset of her condition and that she met the disability insured status requirement for Title II disability insurance coverage through the date of the hearing. *See* Record at 11.

3. At Step 2 of the sequential analysis set forth in 20 C.F.R. § 404.1520(a)-(f) and *Thompson v. Sullivan,* 987 F.2d 1482, 1487 (10th Cir. 1993), the ALJ found that Zamora suffered from severe impairments consisting of bilateral knee pain and swelling. *See* Record at 11. However, the ALJ found that there was insufficient evidence that either her weight condition or mental condition were "severe." *See id.*

4. The ALJ then proceeded to Step 3 of the sequential evaluation and determined that Zamora's condition did not meet or equal in severity any of the disorders listed in the Listing of Impairments, Subpart P, Appendix 1 of 20 C.F.R. Part 404. The ALJ considered listing-level impairments for musculoskeletal disorders (related to her knee pain) as well as obesity and mental disorders. *See* Record at 12. Because of this determination, the ALJ proceeded to review Zamora's functional limitations as indicated by her testimony and medical records.

5. The ALJ determined that Zamora retained the residual functional capacity for at least light work, partially discrediting the findings of non-examining, non-treating program physicians that she could perform medium work. *See* Record at 15. It is not clear how the ALJ reached this conclusion, as there is virtually no evidence of exertional limitations or capabilities in the record.

6.      At Step 4, the ALJ found that Zamora could not perform her past relevant work. *See* Record at 16.  The burden then shifts to the Commissioner, at Step 5, to show that Zamora could perform other jobs that exist in the regional and national economies in significant numbers.

7.      The Court's scope of review is limited to whether the ALJ's decision is supported by substantial evidence and whether the ALJ applied the correct legal standards.  *See Hamilton v. Secretary of Health and Human Svcs.*, 961 F.2d 1495, 1497-98 (10th Cir. 1992).  Evidence is substantial if "a reasonable mind might accept [it] as adequate to support a conclusion." *Andrade v. Secretary of Health and Human Svcs.*, 985 F.2d 1045, 1047 (10th Cir. 1993) (quoting *Broadbent v. Harris*, 698 F.2d 407, 414 (10th Cir. 1983) (citation omitted)).  A decision of an ALJ is not supported by substantial evidence if the evidence supporting the decision is overwhelmed by other evidence on the record.  *See Gossett v. Bowen*, 862 F.2d 802, 805 (10th Cir. 1988).

8.      What is most striking about the administrative record in this case is the paucity of evidence of any sort.  For example, there is no residual functional capacity (RFC) evaluation by an examining source, and the RFC by the non-treating, non-examining physician was not based on a treating or examining source statement.  *See* Record at 195.  The non-examining physician who completed the RFC, Dr. Clint Morgan, apparently based his conclusions on the post-arthroscopy notes by Dr. Felter, Record at 173-177, and a January 1997 discharge assessment, Record at 183. *See* Record at 190.  These medical records provide little, if any, support for the conclusions reached by Dr. Morgan.  In fact, the ALJ did not credit the findings of the RFC that implied Plaintiff could perform medium level work.  *See* Record at 15.

9.      The ALJ found that there was insufficient evidence that Zamora has either a severe

weight condition or mental impairment. There is medical evidence that Plaintiff is obese and that she walks with trunk sway. *See* Record at 199. Although the ALJ noted that "[t]here is no verification of her weight in the medical record," *see* Record at 14, Plaintiff testified that she weighed 310 pounds and was five feet, four inches tall. *See* Record at 32. Again, the record does not contradict Plaintiff's claims of severe obesity, but it is quite deficient. Evidence cited by Defendant's response brief that she had a "normal gait" and a "normal range of motion" was as of *November 1995*, *nearly a year before the alleged onset* of the disabling condition. *See* Record at 181. Thus, this evidence is irrelevant to whether Plaintiff's condition was disabling after her October 1996 arthroscopic surgery.

10.     There is evidence that Zamora was taking a prescription antidepressant drug, Wellbutrin, *see* Record at 52, which contradicts the ALJ's finding that she received no treatment for depression. *See* Record at 14. Again, her medical records relating to depression are simply not part of the record.

11.     Plaintiff was represented by an attorney, Matthew Chacon, at the administrative hearing. *See* Record at 23. Although Mr. Chacon made several promises throughout the hearing that he would supplement the record, *see* Record at 52, 64-66, he did not supply any additional information. *See* Record at 171. However, as previously noted, the Commissioner has the burden of proof at Step 5 in the sequential evaluation. Furthermore, there was evidence on the record of possibly severe obesity[1] and a mental impairment that required prescription medication. These conditions are potentially disabling, particularly in combination with a severe knee

---

[1] Although the listing for obesity, Section 9.09 of the Listings, was repealed effective October 25, 1999, *see* 64 FR 46122, that listing was in full effect at the time of the hearing.

impairment. Under these circumstances, the ALJ had an independent duty to develop the record. *See* 20 C.F.R. § 404.944; *Hawkins v. Chater*, 113 F.3d 1162, 1167-68 (10th Cir. 1997). The fact that Plaintiff was represented by counsel does not excuse the ALJ of the duty to develop a full and fair record. *See Brown v. Bowen*, 827 F.2d 311, 312 (8th Cir. 1987).

12. I propose finding that there is insufficient evidence on the record to determine whether or not Plaintiff's obesity, mental disorder, and/or knee disorder are disabling.

### Recommended Disposition

Because the ALJ's decision was based on a record that was not sufficiently developed, I recommend that this matter be remanded to the administrative agency for further development of the record. Timely objections to the foregoing may be made pursuant to 28 U.S.C. §636(b)(1)(C). Within ten days after a party is served with a copy of these proposed findings and recommendations that party may file with the Clerk of the District Court written objections to such proposed findings and recommendations. A party must file any objections within the ten day period allowed if that party wants to have appellate review of the proposed findings and recommendations. If no objections are filed, no appellate review will be allowed.

_____
Leslie C. Smith
UNITED STATES MAGISTRATE JUDGE

F:\aaSS Orders\99-1348 pfd.wpd